STATE OF NORTH CAROLINA

File No. 16CV001434

Wake County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
William May

**Address**
2222 Milburnie Road

**City, State, Zip**
Raleigh    NC    27610

# CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

VERSUS

G.S. 1A-1, Rules 3, 4

**Name Of Defendant(s)**
The Remedy Diner, Inc.

**Date Original Summons Issued**
02-04-2016

**Date(s) Subsequent Summons(es) Issued**

## To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
The Remedy Diner, Inc.
1801 Rankin Street
Raleigh    NC   27604

**Name And Address Of Defendant 2**

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)**
Drew S. Sprague
Sprague Law, PLLC
219 W. Martin St.
Raleigh    NC   27601

**Date Issued**  FEB 05 2016
**Time**  9  ☒ AM  ☐ PM
**Signature**
☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**
**Time**  ☐ AM  ☐ PM
**Signature**
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts
(Over)

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | FILED | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| WAKE COUNTY | 2016 FEB -5 A 9:35 | 16 CVS ____ |

WILLIAM MAY,

*Plaintiff,*

vs.

REMEDY DINER, Inc.,

*Defendant.*

**COMPLAINT**

(Jury Trial Requested)

## PARTIES AND JURISDICTION

NOW COMES WILLIAM MAY by and through undersigned counsel, Drew S. Sprague, of Sprague Law, PLLC and complains of the Defendant and alleges the following:

1. Plaintiff William May ("Mr. May") is a citizen and resident of Wake County North Carolina.

2. At all relevant times, Mr. May was an employee of the Remedy Diner, a restaurant located at 137 E. Hargett St., Raleigh, North Carolina.

3. Upon information and belief, Defendant Remedy Diner, Inc. (hereinafter "Remedy Diner"), owns the Remedy Diner restaurant.

4. Upon information and belief, Defendant Remedy Diner, Inc., is a duly registered corporation with the North Carolina Secretary of State.

5. Upon information and belief, Ms. Angie Holder and Mr. Scott Williams operate Remedy Diner on a day to day basis and are authorized to employ and discharge employees on behalf of Remedy Diner. Such employment and discharge decisions made by Ms. Holder and Mr. Williams bind Remedy Diner in its decision to employ and discharge Mr. May.

6. Mr. May's reporting the events described below giving rise to this Complaint to the North Carolina Equal Employment Opportunity Commission was received on June 24,

2015. On November 10, 2015, the North Carolina Equal Employment Opportunity Commission issued Mr. May a "right-to-sue" letter.

7. As such, this Court has jurisdiction to hear this matter pursuant to the North Carolina Rules of Civil Procedure, N.C. Gen. Stat. § 1A-1, Rule 1 *et seq.*, and the General Statutes of North Carolina

8. Venue is proper in Wake County as the events giving rise to this Complaint occurred in Wake County.

## STATEMENT OF FACTS

9. Mr. May was employed as a kitchen worker for Remedy Diner beginning on or about August 2014. His hourly pay was approximately $9 per hour and he often worked in excess of forty hours per week. Most weeks his pre-tax pay would be approximately $500.

10. Mr. May is an epileptic and suffers from unanticipated seizures which are often short in duration. Mr. May is capable of performing work duties before and following these seizures.

11. On or around August 2014, Mr. May made management of the Remedy Diner aware of his disability and due to its nature, he may require time off from work. His manager at the time, Mr. Jason Lloyd, stated he would make Mr. Williams and Ms. Holder aware of Mr. May's disability.

12. On or around September 2014, Mr. May requested a reasonable accommodation for his disability.

13. On or about January 16, 2015, Mr. May suffered a seizure while working in Remedy Diner's kitchen. As a result of this seizure, Mr. May suffered injuries to his person, including cuts in his mouth, and Wake EMS was summoned to respond to Remedy Diner.

14. Mr. May was transported by Wake EMS to WakeMed Hospital, where he was treated for his seizure. When he was discharged from WakeMed Hospital, Mr. May was given a doctor's note advising him to refrain from working for a short period.

15. Mr. May followed the advice of his doctor and called out sick to work for a short period of time.

16. During this time Mr. May was taking off from work, Mr. May himself secured adequate and proper replacements for all his shifts.

17. Further, during this time off Mr. May was advised by Remedy Diner that upon his return to work for Remedy Diner he would be required to furnish a doctor's note stating he was fit to return to work.

18. Mr. May secured a doctor's note from an appropriate medical professional stating he was fit to resume his position with Remedy Diner.

19. On or about approximately January 20 to January 23, Mr. May attempted to return to work at Remedy Diner with the aforementioned doctor's note stating he was fit to work.

20. Upon his attempted return, Mr. May was told by his manager at the time, Mr. Jason Lloyd, his employment with Remedy Diner had been terminated and a replacement for his position had already been hired.

21. The proffered reason for Mr. May's termination was that he had not contacted Remedy Diner before his return to let them know he had received a doctor's note stating he was able to return to work.

22. Upon information and belief, the decision to terminate Mr. May's employment was made, jointly or individually, by Mr. Scott Williams and Ms. Angie Holder on behalf of Remedy Diner.

23. However, on or about approximately January 27 to January 30, Mr. May engaged in a conversation with Ms. Angie Holder, the registered agent and one of the day-to-day operators of Remedy Diner.

24. During this conversation, Ms. Angie Holder told Mr. May the real reason he was fired was because he was a liability to Remedy Diner on account of his medical condition.

25. Upon information and belief, during his time of employment with Remedy Diner, there were no complaints or negative reviews with regards Mr. May's quantity or quality of work or his workplace demeanor.

26. All communications which took place regarding Mr. May's firing were verbal and made by management level employees (Mr. Jason Lloyd) and/or owners and day-to-day operators of Remedy Diner (Ms. Angie Holder and Mr. Scott Williams) to Mr. May.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
#### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

27. Plaintiff hereby realleges and incorporates by reference the allegations in paragraphs 1-26 as though set forth fully herein.

28. Plaintiff is a "qualified individual with a disability" within the meaning of § 101(a) of the Americans with Disabilities Act, 42 U.S.C. § 12111(8). Plaintiff suffers from epilepsy as demonstrated by his frequent and unpredictable seizures.

29. Plaintiff has a physical and mental impairment that substantially limits his major life activities of memory, concentration, thinking, communicating, and speaking.

30. Plaintiff has a history of having a physical and mental impairment, which substantially limits his major life activities of memory, concentration, thinking, communicating, and speaking.

31. Plaintiff is regarded by others, and particularly by the Defendant and the Defendant's employees, agents, and owners, as having a physical and mental impairment that substantially limits his major life activities.

32. Defendant and the Defendant's employees, agents, and owners regarded Plaintiff as a liability because of his disability.

33. Defendant is a business engaged in an industry affecting commerce as defined in the Americans with Disabilities Act, 42 U.S.C. § 12181(7)(B), which incorporates by reference §701 of Title VII, 42 U.S.C. §2000(e).

34. On June 24, 2015, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission alleging that he had been discriminated against on the bases of his disability.

35. On November 10, 2015, the United States Equal Employment Opportunity Commission issued a right-to-sue letter for Plaintiff to begin his present cause of action.

36. Plaintiff received the U.S. Equal Employment Opportunity Commission's right-to-sue letter on or about November 18, 2015.

37. Plaintiff has exhausted all administrative remedies required under the Americans with Disabilities Act.

38. The actions of Defendants as set forth herein subjected Plaintiff to adverse employment actions concerning the terms, conditions, privileges and benefits of his employment and Plaintiff has been subject to discharge and the refusal to renew his contract of employment because of discrimination against him by Defendant on account of his disability or being regarded as having a disability, all in violation of the Americans with Disabilities Act, 42 U.S.C. §12182 and §12188.

39. As a result of the aforesaid actions on the part of the Defendant and the damages resulting therefrom, Plaintiff has been damaged in an amount in excess of $25,000, the exact amount to be proven at trial in this case.

40. Plaintiff is entitled to recover his lost employment benefits and damages as set forth in §706(g) of the Civil Rights Act of 1964, which has been incorporated by reference into the Americans with Disabilities Act. He is entitled to reinstatement to his job, back pay, interest on back pay, front pay, and other benefits of employment. Plaintiff's losses are in an amount greater than $25,000, the exact amount to be proven at trial.

41. Plaintiff is also entitled to compensatory damages in accordance with the provisions of §1977A of the Civil Rights Act of 1991, 42 U.S.C. § 1981A, for his loss of reputation, loss of status, and inconvenience in an amount of more than $25,000, the exact amount to be proven at trial.

42. Plaintiff avers that Defendants' conduct as described above was willful, malicious, oppressive, wanton, and recklessly indifferent to the federally protected rights of the Plaintiff, thereby justifying an award of punitive damages in accordance with the provisions of §1977A of the Civil Rights Act of 1991, 42 U.S.C. §1981A, in an amount of more than $25,000, the exact amount to be proven at trial.

43. Plaintiff is also entitled to recover his reasonable attorney's fees, prejudgment interest, and the costs and expenses of this action.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

44. Plaintiff realleges and incorporates by reference Paragraphs 1 through 43 of his Complaint as if fully set forth herein.

45. Mr. May was engaged in an activity protected under federal law by requesting a reasonable accommodation for his disability.
46. Defendant subjected Mr. May to an adverse employment action in violation of Title VII of the Civil Rights Act of 1964 by terminating Mr. May's employment on the basis of his disability.
47. Upon information and belief, Mr. May's disability and his request for a reasonable accommodation due to his disability was the basis for Defendant subjecting Mr. May to the adverse employment action, to wit terminating Mr. May's employment.
48. Upon information and belief, Mr. May's employment would not have been terminated but for his disability and his request for a reasonable accommodation due to his disability.
49. The termination of Mr. May's employment due to his request for a reasonable accommodation for his disability was done in violation of Title VII of the Civil Rights Act of 1964.
50. As a result of this violation of Title VII of the Civil Rights Act of 1964, Mr. May is entitled to compensatory damages in excess of $25,000, the exact amount to be proven at trial.
51. Plaintiff is entitled to recover his lost employment benefits and damages as set forth in §706(g) of the Civil Rights Act of 1964, which has been incorporated by reference into the Americans with Disabilities Act. He is entitled to reinstatement to his job, back pay, interest on back pay, front pay, and other benefits of employment. Plaintiff's losses are in an amount greater than $25,000, the exact amount to be proven at trial.
52. Plaintiff is also entitled to compensatory damages in accordance with the provisions of §1977A of the Civil Rights Act of 1991, 42 U.S.C. § 1981A, for his loss of reputation, loss of status, and inconvenience in an amount of more than $25,000, the exact amount to be proven at trial.
53. Plaintiff avers that Defendants' conduct as described above was willful, malicious, oppressive, wanton, and recklessly indifferent to the federally protected rights of the Plaintiff, thereby justifying an award of punitive damages in accordance with the provisions of §1977A of the Civil Rights Act of 1991, 42 U.S.C. §1981A, in an amount of more than $25,000, the exact amount to be proven at trial.

54. Plaintiff is also entitled to recover his reasonable attorney's fees, prejudgment interest, and the costs and expenses of this action.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE NORTH CAROLINA RETALIATORY EMPLOYMENT DISCRIMINATION ACT

55. Plaintiff realleges and incorporates by reference Paragraphs 1 through 54 of his Complaint as if fully set forth herein.

56. Plaintiff requested medical treatment as a result of his workplace injury, which is a pursuit of Plaintiff's rights under the Act and a legally protected act. Additionally, Plaintiff filed a claim for benefits under the Act with the Equal Employment Opportunity Commission, which is also a pursuit of Plaintiff's rights under the Act and a legally protected act.

57. On or about approximately January 20 to January 23, 2015 Defendant terminated Plaintiff. Defendant's termination of Plaintiff's employment on or about approximately January 20 to January 23, 2015 was a retaliatory action within the meaning of N.C. Gen. Stat. §95-240(2) and was a discriminatory act against Plaintiff. Therefore, Defendant's termination of Plaintiff was unlawful.

58. Defendant's decision to terminate Plaintiff unlawfully discriminated against him and was in retaliation for his exercise of his rights by filing or causing to be filed a claim or complaint, initiating an inquiry, investigation, proceeding, or other action, or providing information with respect to the Act, causing such protected activities to be initiated on Plaintiff's behalf, or exercising any right afforded by the Act, in violation of N.C. Gen. Stat. §95-241(a).

59. Plaintiff's request for medical treatment as a result of his disability and need for medical treatment while at work for that disability and his inquiry regarding his rights under the Act were substantial factors in the termination of his employment with Defendant on or about approximately January 20 to January 23, 2015.

60. Plaintiff's termination would not have occurred in the absence of Defendant's knowledge of his request for medical treatment as a result of his disability and need for medical treatment and his inquiry regarding his rights under the North Carolina Workers' Compensation Act.

61. As a result of Defendant's violation of N.C. Gen. Stat. §95-240 *et seq.*, Plaintiff has suffered damages in excess of $25,000, representing lost wages, and other economic losses proximately caused by the retaliatory action or discrimination against Plaintiff by Defendants.

62. Defendant's termination of Plaintiff because of his exercise of his rights under the Act was intentional and willful, within the meaning of N.C. Gen. Stat. §95-243, such that Plaintiff is entitled to treble damages.

### FOURTH CLAIM FOR RELIEF
### WRONGFUL DISCHARGE

63. Plaintiff realleges and incorporates by reference Paragraphs 1 through 50 of his Complaint as if fully set forth herein.

64. North Carolina has enacted a statement of policy regarding workplace discrimination as follows:

> It is the public policy of this state to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which employ 15 or more employees.
>
> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment foments domestic strife and unrest, deprives the State of the fullest utilization of its capacities for advancement and development, and substantially and adversely affects the interests of employees, employers, and the public in general.

N.C. Gen. Stat. § 143-422.2

65. Defendants discharged plaintiff in violation of the public policy of the State of North Carolina as expressed in N.C. Gen. Stat. § 143-422.2.

66. Defendants' conduct in discharging Plaintiff constitutes wrongful discharge, which is actionable under North Carolina law.

67. As a result of Defendants' wrongful discharge of Plaintiff, Plaintiff has suffered lost wages, harm to his credit as a result of not being able to pay his medical bills while unemployed following his termination, loss of return-to-work options, retirement

8 of 9
Case 4:16-cv-00028-BO   Document 1-1   Filed 03/17/16   Page 9 of 10

benefits, loss of reputation, embarrassment and humiliation, mental and emotional distress, and other damages in an amount in excess of $25,000 to be determined at trial.

68. Defendants acted willfully, with malice or with reckless indifference to Plaintiff's rights, in discharging Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants in such amount in excess of $25,000, and in accordance with law, as may be determined by the trier of fact.

## JURY TRIAL DEMANDED

Plaintiff, Mr. William May, respectfully requests this matter be tried before a jury of his peers for all matters so triable.

WHEREFORE, Plaintiff respectfully prays to this Court that:

1. He recover judgment for compensatory damages from the Defendant in excess of $25,000;
2. He recover the costs and expenses of this action from the Defendants as permitted by the applicable laws of the United States and North Carolina;
3. He recover punitive damages against the Defendant in such amount the Court or a jury deems appropriate;
4. He recover any further relief, in law or equity, the Court or a jury deems appropriate.

Respectfully Submitted, this, the 4th day of February, 2016.

_____
Drew Sprague
*Attorney for the Plaintiff*

FOR THE FIRM:

**SPRAGUE LAW, PLLC**
219 West Martin Street
Raleigh, NC 27601
Telephone: (919) 232-9424
Facsimile: (919) 832-5260
E-mail: dsprague@spraguelawnc.com